**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FREDRICK D. SCOTT,

        Petitioner,                  3:10-cv-00754-LRH-VPC

vs.

                                    ORDER

GREG SMITH, et al.,

        Respondents.

       This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Frederick D. Scott, appearing in *pro se*. Before the court is respondents' motion to dismiss petition (ECF No. 6), petitioner's response (ECF No. 14) and respondents' reply (ECF No. 15). The motion to dismiss argues that certain claims are unexhausted or procedurally defaulted.

**A.    Procedural Background**

       In April 2007, petitioner was charged in a criminal complaint with one count of robbery. Exhibit 3.[1] Following a preliminary hearing, he was bound over on an Information charging robbery and habitual criminal under NRS 207.010. Exhibit 8. An Amended Information was filed to correct a clerical error, but the charges did not change. Exhibit 9. At the sentencing hearing, petitioner was found to be a habitual criminal. Exhibit 23. He was sentenced to a term of ten to twenty-five years in prison. Exhibit 25.

       Petitioner's conviction was affirmed on a fast track appeal which raised three grounds for relief

---

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss.

attacking the habitual criminal determination and sentence. Exhibit 33. Petitioner filed a post-conviction petition for writ of habeas corpus on July 29, 2009. Exhibit 39. This petition was accompanied by a separate memorandum of points and authorities. Exhibit 40. Appointed counsel then filed a supplemental petition. Exhibit 45. No evidentiary hearing was conducted, but on April 5, 2010, the state district court dismissed the petition and supplement. Exhibit 52. Petitioner appealed. Exhibit 53.

Petitioner filed his Fast Track Appeal Statement on June 22, 2010. Exhibit 62. On November 5, 2010, the Nevada Supreme Court affirmed dismissal of the petition. Exhibit 64. Thereafter, petitioner submitted his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises five grounds for relief before this Court.

**B.    Discussion**

Respondents contend that the petition must be dismissed as a mixed petition containing exhausted and unexhausted claims and that certain claims must be dismissed as procedurally defaulted. Respondents further argue that ground two is conclusory. Petitioner opposes the motion. The parties' arguments are discussed below.

    **1.    Exhaustion**

To obtain federal relief on a habeas petition, a petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *Peterson v. Lampert,* 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc). This means petitioner must give the state court a fair opportunity to consider and correct the constitutional defect. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509 (1971). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Id.* The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b)

1  "provides a simple and clear instruction to potential litigants: before you bring any claims to federal
2  court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th
3  Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

4        A claim is not exhausted unless the petitioner has fairly presented to the state's highest court the
5  same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California*
6  *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when
7  the petitioner presents to the federal court facts or evidence which place the claim in a significantly
8  different posture than it was in the state courts, or where different facts are presented at the federal level
9  to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*
10 *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).
11 However, "..new factual allegations do not render a claim unexhausted unless they 'fundamentally alter
12 the legal claim already considered by the state courts.'" *Weaver v. Thompson,* 197 F.3d 359, 364 (9th
13 Cir. 1999), *citing Chacon v. Wood,* 36 F.3d 1459, 1568 (9th Cir. 1994).; *accord, Lopez v. Schriro,* 491
14 F.3d 1029, 1040 (9th Cir. 2007).

15       Respondents argue that grounds one through four of his federal petition have not been "properly
16 exhausted." Motion to Dismiss, p. 6.

17             <u>Ground One</u>

18       Ground one of the federal petition argues petitioner's Fifth, Sixth, and Fourteenth Amendment
19 rights to due process and equal protection were violated where petitioner was denied the effective
20 assistance of counsel when he was represented by counsel who had represented a prosecution witness
21 in a prior criminal proceeding thereby creating a conflict.

22       Respondents argue this claim was not exhausted in the state supreme court because petitioner
23 did not cite to the same constitutional amendments. A quick look at the Fast Track Statement belies that
24 contention. See e.g., Exhibit 62, pp. 5 and 7. In his Fast Track Statement, petitioner argued his counsel
25 was ineffective in violation of the two part test in *Strickland* and petitioner's "fifth, sixth, and fourteenth
26 amendment rights." It is not necessary that petitioner repeat verbatim every word or phrase he includes
27 in his state petition to the federal court, so long as he has given the state court a fair opportunity to

28                                                       -3-

recognize and correct a federal constitutional violation. *Weaver v. Thompson,* 197 F.3d at 364. It is clear from the opening appeal statement that petitioner believed his federal constitutional rights to the effective assistance of counsel had been violated and that is the claim he presented to the Nevada Supreme Court. Ground one is exhausted and shall proceed on its merits.

### Ground Two

Ground two of the federal petition contends petitioner's Fifth, Sixth, and Fourteenth Amendment rights to a jury trial were violated where:

(a) the state filed an amended information on the day of sentencing to charge petitioner with a second habitual criminal count;

(b) the amended information was deficient as to the required notice both in time (15 days) and as to which section of the Nevada habitual criminal statute applied to the charge;

(c) counsel was ineffective for failing to object to the "unconstitutional standards or alleged certifications;"

(d) the jury was not allowed to make the determination as to the increased penalty beyond the statutory maximum;

(e) counsel failed to appeal the deficiency [in the charging document] prior to trial, and

(f) the State filed the habitual criminal charge in retaliation when petitioner insisted on going to trial rather than accept a negotiated guilty plea.

Respondents argue that subparts (c) and (f) were never presented to the Nevada Supreme Court in any way and that the remaining subparts failed to cite to any federal authority. Respondents are correct as to subparts (c) and (f). These contentions or any reasonable facsimile of them cannot be found in the Fast Track Appeal Statement presented to the Nevada Supreme Court. Thus, they remain unexhausted. However, the balance of ground two was fairly presented to the Nevada Supreme Court in terms of a violation of petitioner's constitutional rights. *See* Exhibit 62, pp. 5, 7 and 8.

### Ground Three

Ground three of the federal petition claims violation of constitutional rights guaranteed by the Fifth, Sixth and Fourteenth Amendments because there was insufficient evidence to convict or charge

-4-

1  petitioner with robbery because the Information lacked notice of the particular acts alleged to have been
2  committed.
3  Respondents argue, mistakenly, that this claim was never presented to the Nevada Supreme Court
4  because it was not presented on direct appeal. However, a review of the Fast Track Appeal Statement
5  prepared and presented on appeal of the denial of post-conviction relief reveals that the claim was
6  presented in that brief. *See* Exhibit 62, p. 8. Petitioner's allegations in both this petition and in the state
7  post-conviction appeal relate to the sufficiency of the evidence to convict on the robbery charge.
8  Ground three is exhausted and shall proceed on its merits.
9                      Ground Four
10 Next respondents claim ground four is unexhausted because petitioner failed to cite to federal
11 authority to support the claim for relief.
12 Ground four of the federal petition claims petitioner received ineffective assistance of appellate
13 counsel in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments, contending counsel
14 was ineffective for not raising the issues presented in grounds one, two, and three on direct appeal.
15 This ground for relief was presented to the Nevada Supreme Court on appeal from post-
16 conviction. Petitioner clearly stated his claims of ineffective assistance of counsel were raised under the
17 federal *Strickland* standard and the Fast Track Appeal Statement also cited to the Fifth, Sixth and
18 Fourteenth Amendments. Ground Four shall proceed on its merits.
19       **2.**     **Procedural Default**
20 Respondents next argue that ground two, subparts (b) and (d) was procedurally defaulted in state
21 court when the Nevada Supreme Court determined it would not entertain the claim because it had been
22 waived when it was not raised on direct appeal. Exhibit 64, p. 2.
23 "When a state prisoner has defaulted a claim by violating a state procedural rule which would
24 constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may
25 not raise the claim in federal habeas, absent a showing of cause and prejudice." *Wells v. Maass*, 28 F.3d
26 1005, 1008 (9th Cir.1994). "In order to constitute adequate and independent grounds sufficient to
27 support a finding of procedural default, a state rule must be clear, consistently applied, and well-
28

established at the time of the petitioner's purported default." *Wells*, 28 F.3d at 1010.

The Nevada Supreme Court declined to entertain ground two (d) under NRS 34.810(b)(2). That procedural rule has been found to be independent and adequate to prevent federal review. *See, See Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default."), *cert. denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir. 2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002) (same).

Petitioner has presented argument that the procedural default of ground 2(d) should be excused because his appellate counsel was ineffective for failing to raise the claim on direct appeal. Ineffective assistance of appellate counsel, if proved, constitutes cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-92 (1985) (examining ineffective assistance of counsel resulting in procedural default in state court). While this claim was presented in the Fast Track Appeal Statement, the Nevada Supreme Court found petitioner's claims of ineffective assistance of counsel to be without merit. Petitioner has not shown how that decision was an unreasonable application of clearly established federal law or an objectively unreasonable determination of the facts, as required to obtain relief from the federal court under 28 U.S.C. § 2254. Petitioner has failed to overcome the procedural bar and ground 2(d) will be dismissed.

**3.  Conclusory Grounds**

Respondents next argue that ground two should be dismissed in its entirety because it is conclusory, "fraught with ambiguities, vagueness, conclusory statements and unveified factual references." Motion to dismiss, p. 9.[2]

The Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts instruct that "notice pleading" is not sufficient in a habeas corpus action.

---

[2] In their reply, respondents alter their argument about the procedural bar to also include subpart (b) of ground two. Such untimely arguments will not be entertained by the Court. However, because the entirety of ground two will ultimately be dismissed, the additional assertion has no impact.

-6-

The petition is expected to state *facts* that point to a real possibility of constitutional error. Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases, *citing Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970), *cited in Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). In fact, a petition for a writ of habeas corpus may be dismissed summarily if the allegations in it are vague or conclusory. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In reviewing ground two, the Court finds respondents argument to be persuasive. While the ground identifies several particular issues which petitioner believes entitles him to relief, the legal foundation of those issues – what federal legal authority applies as to subpart (a), (b) and (f), or the identity of the specific "viable" claims counsel should have raised on appeal in subpart (e), are missing. Moreover, it is unclear what petitioner means by the phrase: "Third, counsel failed to object to the unconstitutional standards or alleged certifications," in subpart (c) of this ground. Ground two is, in fact, conclusory or vague and fails to identify a federal violation. It shall be dismissed in its entirety on that basis.

**4. Petitioner's Motion for Counsel and Evidentiary Hearing**

Within the body of his opposition, petitioner renews his motion for appointment of counsel and requests the Court to conduct an evidentiary hearing. As the Court previously noted, petitioner has not demonstrated that counsel is required to avoid a due process violation. He has presented his arguments in an organized manner and they are rational and based on legal principles. No counsel is warranted.

The request for evidentiary hearing shall also be denied at this juncture. Once the surviving claims have been fully briefed on their merits, if it appears to the Court that additional factual development is warranted under Rule 8 if the Rules Governing 2254 Cases, such a hearing will be ordered.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART.** The Court finds that ground two is vague and conclusory and that subpart (d) of that ground is procedurally barred. The Court finds that grounds one, three and four are exhausted.

**IT IS FURTHER ORDERED** that ground two is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** to file their Answer to grounds one, three, four and five of the petition. Petitioner shall then have **thirty (30) days** to file and serve his reply.

**IT IS FURTHER ORDERED** that petitioner's motion for counsel and for an evidentiary hearing are **DENIED.**

Dated this 16th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE