1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    FREDRICK D. SCOTT,                    )
                                           )
10                      Petitioner,        )        3:10-cv-00754-LRH-VPC
                                           )
11   vs.                                   )
                                           )        ORDER
12   GREG SMITH,  et al.,                  )
                                           )
13                      Respondents.       )
     _____/

14

15         This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Frederick

16   D. Scott, appearing in *pro se*.  Before the court is respondents' answer to the petition (ECF No. 17) and

17   petitioner's repy (ECF No. 18).

18   **I.       Procedural Background**

19         In April, 2007, petitioner was charged in a criminal complaint with one count of robbery.  Exhibit

20   3.[1] Following a preliminary hearing, he was bound over on an Information charging robbery and habitual

21   criminal under NRS 207.010.  Exhibit 8.  An Amended Information was filed to correct a clerical error,

22   but the charges did not change.  Exhibit 9.  At the sentencing hearing, petitioner was found to be a

23   habitual criminal.  Exhibit 23. He was sentenced to a term of ten to twenty-five years in prison.  Exhibit

24   25.

25         Petitioner's conviction was affirmed on a fast track appeal which raised three grounds for relief

26   attacking the habitual criminal determination and sentence.  Exhibit 33.  Petitioner filed a post-

27   _____

28         [1] The exhibits referenced in this order were submitted by respondents in support of their motion
     to dismiss.

1   conviction petition for writ of habeas corpus on July 29, 2009.  Exhibit 39.  This petition was

2   accompanied by a separate memorandum of points and authorities.  Exhibit 40.  Appointed counsel then

3   filed a supplemental petition.  Exhibit 45.  No evidentiary hearing was conducted, but on April 5, 2010,

4   the stated district court dismissed the petition and supplement.  Exhibit 52.  Petitioner appealed.  Exhibit

5   53.

6       Petitioner filed his Fast Track Appeal Statement on June 22, 2010.  Exhibit 62.  On November

7   5, 2010, the Nevada Supreme Court affirmed dismissal of the petition.  Exhibit 64.  Thereafter, petitioner

8   submitted his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner raised

9   five grounds for relief before this Court and ground two was dismissed as the result of respondents'

10  motion to dismiss.  Respondents now answer grounds one, three, four, and five.

11  **II.    Discussion**

12      **A.    Legal Standard**

13      28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA),

14  provides the legal standards for this Court's consideration of the petition in this case:

15          An application for a writ of habeas corpus on behalf of a person in custody
            pursuant to the judgment of a State court shall not be granted with respect to any claim
16          that was adjudicated on the merits in State court proceedings unless the adjudication of
            the claim --
17
            (1)    resulted in a decision that was contrary to, or involved an unreasonable
18          application of, clearly established Federal law, as determined by the Supreme Court of
            the United States; or
19
            (2)    resulted in a decision that was based on an unreasonable determination
20          of the facts in light of the evidence presented in the State court proceeding.

21  28 U.S.C. § 2254(d).

22      These standards of review "reflect the ... general requirement that federal courts not disturb state

23  court determinations unless the state court has failed to follow the law as explicated by the Supreme

24  Court."  *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999).  Therefore, this Court's ability to grant a

25  writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state

26  court's decision conflicts with [Supreme Court] precedents."  *Harrington v. Richter,* 562 U.S. ___, ___,

27  131 S.Ct. 770, 786 (2011).

28                                          –2–

1    A state court decision is contrary to clearly established Supreme Court precedent, within the

2    meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth

3    in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

4    indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different

5    from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (*quoting Williams v.*

6    *Taylor*, 529 U.S. 362, 405-06 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694 (2002).

7    A state court decision is an unreasonable application of clearly established Supreme Court

8    precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing

9    legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts

10    of the prisoner's case." *Andrade*, 538 U.S. at 74 (*quoting Williams*, 529 U.S. at 413).    The

11    "unreasonable application" clause requires the state court decision to be more than incorrect or

12    erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*.

13    (*quoting Williams*, 529 U.S. at 409).

14    In determining whether a state court decision is contrary to federal law, this Court looks to the

15    state court's last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford*

16    *v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).   Furthermore,

17    "a determination of a factual issue made by a State court shall be presumed to be correct," and the

18    petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing

19    evidence."  28 U.S.C. § 2254(e)(1).

20    **B.    Ground One**

21    Petitioner claims his rights to due process and equal protection were violated when he was denied

22    the effective assistance of counsel, because counsel had a conflict of interest arising from her prior

23    representation of a witness who testified against petitioner at trial.  Petitioner notes that attorney Mazie

24    Pusich appeared to represent him at the preliminary hearing and failed to inform petitioner that she had

25    previously represented "the State's key witness[,] William Fisher[,] in a prior criminal case."  ECF No.

26    5, p. 3.

27    In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court established the standards by which

28                                        –3–

1   claims of ineffective counsel are to be measured.  In *Strickland*, the Court propounded a two prong test;

2   a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's

3   representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient

4   performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's

5   unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at

6   688, 694.

7        "Joint representation of conflicting interests is inherently suspect....*"  Mickens v. Taylor,*  535

8   U.S. 162, 168, 122 S.Ct. 1237, 1242 (2002); *see also Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173

9   (1978).  However, petitioner does not complain of joint representation.  Rather, his complaint is one of

10  successive representation because his court appointed public defender previously represented a witness

11  against him.[2]  While in some cases a defense lawyer's prior representation of a witness can give rise to

12  an actual conflict of interest, the mere fact that a criminal defendant's counsel previously represented

13  a witness is insufficient to establish the existence of an actual conflict. *See United States v. Martinez,*

14  630 F.2d 361, 361 (5th Cir. 1980), *cert denied,* 450 U.S. 922, 101 S.Ct. 1371 (1981); *Smith v. White,*

15  815 F.2d 1401, 1405 (11th Cir. 1987).  In this instance, petitioner must establish that his counsel actively

16  represented conflicting interests.  *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708  (1980).

17  Otherwise, he has not established the constitutional predicate for his claim of ineffective assistance."

18  *Id*. at 350, 100 S.Ct. 1708.  An actual conflict can arise when the previous representation shared a

19  substantial relationship to the instant action and where counsel received some privileged information

20  during that representation. *Mannhalt v. Reed,* 847 F.2d 576, 580 (9th Cir. 1988).

21        Petitioner's allegations show none of the indicia of an actual conflict of interest.  He offers

22  nothing to suggest that the previous representation was related to his case or that counsel obtained

23  confidential information from the previous representation.  He simply argues that the fact of the prior

24  representation was evidence of a conflict of interest.  Such allegations are insufficient.

25

26        [2] Relevant to the analysis is the fact that Ms. Pusich only represented petitioner at the preliminary

27  hearing and the witness in question did not testify at that time.  Furthermore, once Ms. Pusich realized
    Mr. Fischer was a proposed witness, another attorney took up representation.

28                                                    – 4 –

1    Of more significance in this instance is the denial of this claim by the state courts could not have

2    been contrary to or an unreasonable application of clearly established law as determined by the United

3    States Supreme Court because that Court has specifically left the question open. *Mickens,* 535 U.S. at

4    176.  Thus, the only circumstances which would allow this Court to grant relief to petitioner would be

5    if the state court's determination of the fact was objectively unreasonable.  28 U.S.C. § 2254(d)(2).  The

6    Court makes no such finding where petitioner offers no facts to support his claim and the record supports

7    a conclusion that no actual conflict existed and petitioner suffered no prejudice.  Ground one shall be

8    denied.

9           **C.    Ground Three**

10   Petitioner claims that there was insufficient evidence to convict him on the robbery charge

11   because the property taken (a guitar of undetermined value) was held "for money owed to him in the

12   sharing of [a] residence" and because no weapon was identified in the charging document.  He further

13   asserts that he was denied effective assistance of counsel in failing to object to a deficient charging

14   document which failed to give petitioner proper notice of the allegations against him.  Petitioner also

15   repeats his claim that counsel had a conflict of interest.

16   Respondents argue the state courts denied the claim on independent and adequate state law

17   grounds which foreclose review of the claim under 28 U.S.C. § 2254.  In fact, in reviewing this claim,

18   the state district court held:

19           Petitioner's third claim for relief is that Respondent presented
     insufficient evidence to convict Petitioner of robbery.  However, in making
20   his argument, Petitioner also raises issues related to the ineffective assistance
     of counsel for failure to gather additional evidence in support [of] Petitioner's
21   defense and the sufficiency of the charging instrument.

22           As it relates to the claim that the prosecutor failed to present sufficient
     evidence to sustain Petitioner's conviction, said argument could have been
23   raised on direct appeal.  Because the claim could have been raised on direct
     appeal, but Petitioner failed to so, the claim should be dismissed pursuant to
24   NRS 34.810(b)(2).

25           As it relates to the sufficiency of the information, Petitioner appears to argue
     that the charging instrument was defective thereby divesting the Court of
26   jurisdiction over the matter.  Under Nevada law, when attacking a charging
     document via a habeas corpus petition, the charging document will be
27   deemed sufficient where it attempts or purports to charge an offense of the

28                                          –5–

1

2      type over which the Court has jurisdiction. *Application of Boley,* 76 Nev. 138, 141, 350 P.2d 638, 639 (1960). In the instant matter, the charging document alleges that Petitioner was guilty of robbery, which is a crime this Court has jurisdiction over. Therefore, Petitioner's claim fails as a matter of

3      law.

4   Exhibit 52, pp. 5-6. This determination was upheld by the Nevada Supreme Court on appeal where that

5   court also found that the claims related to the sufficiency of the evidence and the viability of the charging

6   document should have been brought on direct appeal and found them to be procedurally defaulted under

7   Chapter 34 of the Nevada Revised Statutes. Exhibit 64, p. 2.

8      "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state

9   courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A

10   federal court will not review a claim for habeas corpus relief if the decision of the state court regarding

11   that claim rested on a state law ground that is independent of the federal question and adequate to

12   support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "In order to constitute

13   adequate and independent grounds sufficient to support a finding of procedural default, a state rule must

14   be clear, consistently applied, and well-established at the time of the petitioner's purported default."

15   *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

16      The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the

17   procedural bar at issue in this case -- Nev. Rev. Stat. § 34.810 -- is an independent and adequate state

18   ground. *See Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict

19   rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of

20   procedural default."), *cert. denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248 F.3d 877,

21   886 (9th Cir. 2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742

22   (9th Cir. 2002) (same).

23        In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner

24   can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

25   consider the claims will result in a fundamental miscarriage of justice.

26

27   *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). Petitioner has failed

28                   – 6 –

to offer any argument to overcome the procedural bar making no reference to respondents' argument and reiterating the merits of the claim. Ground three, as to the issue of the sufficiency of the evidence and of the charging document, is procedurally barred.

As to the claim that counsel was ineffective for failing to object to the deficient charging document, the state court found that no such claim was presented in the state court petition, despite petitioner's arguments to the contrary.[3] Exhibit 52, pp. 4-5. However, the claim was raised as part of the Fast Track Appeal Statement and the Nevada Supreme Court found that petitioner had not shown his counsel to be ineffective in this regard. Exhibit 64, pp. 1-2.

As to the merits of this claim of ineffective assistance of counsel, respondents properly point out that the charging document was not deficient because the Nevada statute defining robbery does not require the use of a weapon. *See* Nev. Rev. Stat. § 200.380. The statute describes the unlawful taking of property "from the person of another, or in the person's presence, against his or her will, by means of force, or violence or fear of injury...." As a result, petitioner is unable to show that his counsel was ineffective for failing to object to the charging document on the deficiencies he claims and he cannot demonstrate any prejudice arising from counsel's performance. Ground three is procedurally barred as to the sufficiency of the evidence and deficiency of the charging documents and without merit as to the ineffective assistance of counsel claim. Ground three is denied.

> **D.     Ground Four**

In ground four, petitioner attacks the performance of his appellate counsel for failing to raise the claims encompassed in grounds one, two, and three of his federal petition on direct appeal.[4]

In addressing this claim the state district court found the only claim among those listed by petitioner which had not been raised on direct appeal was a claim that there was insufficient evidence to convict him. The court, after applying the standard established by the United States Supreme Court

---

[3] Petitioner did claim that counsel was ineffective because he did not gather additional evidence to support the defense. The state court found that claim to be meritless.

[4] The first three claims were (1) that counsel had a conflict of interest, (2) that his adjudication as a habitual criminal was flawed and counsel was ineffective in not objecting and (3) that there was insufficient evidence to convict him on robbery charges and counsel was ineffective.

1  in *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) noted:

2             In his fourth claim for relief, Petitioner asserts a claim for
           ineffective assistance of appellate counsel because counsel failed to
3          raise critical issues on appeal that are now lost to Petitioner. However,
           the only issue that counsel failed to raise on direct appeal, which is
4          now lost to Petitioner is the claim that the prosecution failed to present
           sufficient evidence to sustain Petitioner's conviction for robbery.
5          Petitioner either asserted all other claims on direct appeal or via his
           habeas petition. As such, the only issue this Court needs to consider
6          is the claim of insufficient evidence to sustain Petitioner's conviction.

7                                         * * *

8             After reviewing the record, the record indicates that the
           prosecution presented evidence sufficient to sustain petitioner's
9          conviction. Specifically, the prosecution presented testimony of the
           victim describing how Petitioner forcibly took a guitar from the
10         victim. Such testimony is sufficient to establish each element required
           to support a conviction for robbery. As such, Petitioner's claim is
11         belied by the record and he is not entitled to a hearing on the matter.

12  Exhibit 52, p. 6. However, when the claim was presented to the Nevada Supreme Court that court drew

13  a slightly different conclusion - that the claim was not presented in a proper manner where petitioner

14  merely "incorporated by reference" his state court petition. The Nevada Supreme Court said

15            Scott claims, without any argument, that the first three grounds in his
           proper person habeas petition filed below "were viable appellate
16         issues that would have change [sic] the result of the proceedings."
           An appellant is not allowed to incorporate by reference documents
17         filed in the district court. *See* NRAP 28(e); *Thomas v. State,* 120
           Nev. 37, 43 n.3, 83 P.3d 818, 822, n.3 (2004). Moreover, "[i]t is
18         appellant's responsibility to present relevant authority and cogent
           argument; issues not so presented need not be addressed by this
19         court." *Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6, (1987).
           Therefore, we need not address this claim.

20

21  Exhibit 64, pp. 2-3.

22         Respondents, admitting that the instant argument had been overlooked in the prior motion to

23  dismiss, assert that the Nevada Supreme Court's decision makes the claim unexhausted and subject to

24  dismissal. They further contend that the claim is without merit and should be denied on that basis.

25         Chapter 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before

26  you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez*

27  *v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). A claim

28                                         –8–

1   not presented to the state's highest court in a procedural posture that is likely to obtain a review of the

2   merits is not properly presented and is considered unexhausted. *Castille v. Peoples,* 489 U.S. 346, 351,

3   109 S.Ct. 1056 (1989); *Harris v. Superior Court of State of Cal., Los Angeles County,* 500 F.2d 1124

4   (9th Cir. 1974 (*en banc*); *see also Gatlin v. Madding,* 189 F.3d 882, 888 (9th Cir. 1999) (where state law

5   prohibits incorporation by reference, exhaustion requirement is not satisfied if the state court must read

6   lower court pleadings to discover claim.)

7        A federal court may not entertain a habeas petition unless the petitioner has exhausted available

8   and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509,

9   510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to

10  dismissal. *Id.* Thus, the court must dismiss the entire petition unless it determines that none of the

11  claims have any merit.  28 U.S.C. § 2254(b)(2).  Respondents argue that is the case here.  The Court

12  agrees.

13       A criminal defendant is entitled to the effective assistance of counsel on direct appeal of his

14  conviction. *Evitts v. Lucey*, 469 U.S. 387, 391-405, 105 S. Ct. 830, 833-838 (1985).  Petitioner must

15  show that his appellate counsel's performance was objectively unreasonable in failing to identify and

16  bring the claim and that there was a reasonable probability that, but for counsel's unreasonable failure,

17  he would have prevailed on his appeal. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 764 (2000).

18       Petitioner's counsel was not ineffective for failing to raise claim one of the petition, because it

19  is a claim of ineffective assistance of counsel due to a conflict of interest and such claims are not

20  appropriate for review on direct appeal. *See Archanian v. State,* 122 Nev. 1019, 1036, 145 P.3d 1008,

21  1020-21 (2006) ("This court has repeatedly declined to consider ineffective-assistance-of-counsel claims

22  on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary

23  hearing would be needless.")

24       Petitioner's counsel was also not ineffective for failing to bring ground two of his petition on

25  direct appeal, because the issue was raised and the adjudication of petitioner as a habitual criminal and

26  the charging documents and procedures used in that endeavor were found to be proper by the state

27  supreme court (exhibit 64), certain of the contentions are belied by the record and the claims of

28                                              –9–

1   ineffective assistance of counsel contained in that claim would not have been inappropriate for direct

2   appeal review.  *Id.*

3          Finally, ground three of the state petition raises the claim of insufficient evidence.  The state

4   district court reviewed the claim and independently reviewed the evidence, which it found was strong

5   enough that any rational trier of fact could have found the essential elements of the crime beyond a

6   reasonable doubt. Exhibit 52.  *See Jackson v. Virginia,* 443 U.S. 307, 318-319, 99 S.Ct. 2781,2789

7   (1979).

8          Petitioner's ground four is without merit and shall be denied on that basis in spite of its technical

9   lack of exhaustion.

10      **E.     Ground Five**

11         Petitioner claims he was denied his rights under the Fifth, Sixth, and Fourteenth Amendments

12  when trial counsel failed to object to Jury Instruction Number 12.  The denial of the claim by the district

13  court was upheld on appeal by the Nevada Supreme Court.  While that court did not provide an

14  independent analysis of the claim, it affirmed and upheld the findings of the district court.  Exhibit 64,

15  pp. 1-2.  To determine if the state court's decision was contrary to or an objectively unreasonable

16  application of *Strickland* in this instance, we must review the last reasoned decision.  *Ylst v.*

17  *Nunnemaker*, 501 U.S. at 803-04; *Shackleford v. Hubbard*, 234 F.3d at 1079 n.2.  As a result, the state

18  district court's analysis must be considered.

19         The state court applied the two prong test of *Strickland v. Washington* and concluded that

20  petitioner must be able to establish that Jury Instruction12 was improper in order to show that he had

21  been prejudiced by counsel's failure to object.  Exhibit 52, p. 7.  The court outlined the instruction and

22  concluded:

23              A state may not use jury instructions to shift the burden of
             proof, thereby requiring a defendant to prove the absence of fact
24           necessary for a criminal conviction. *Patternson v. New York,* 432 U.S.
             197, 215 (1977).  However, in determining the constitutionality of a
25           jury instruction the reviewing court must view the instructions as a
             whole. *See Rose v. State,* 86 Nev. 555, 558, 471 P.2d 262, 264 (1970).
26                After reviewing jury instruction number twelve, the Court

27

28                                    -10-

1
2
3
4
5
6
7

believes Petitioner's argument is without merit.[5]  There is nothing in jury instruction number twelve that mentions anything about a burden or presumption of guilt in regards to statements by Petitioner.

Moreover, the portion of jury instruction number twelve that Petitioner focuses on reads that any statement made by a defendant "may be either an admission or a confession."  Such language is permissive, not mandatory as Petitioner contends.  Because the language is permissive, a jury could find a statement by Petitioner to be an admission, a confession, or neither.  In addition, the language of jury instruction twelve clearly defines what an admission is and what a confession is.  If a statement by Petitioner does not fall within the instruction's definition of admission or confession, the statement must be something else.  Therefore, the language of jury instruction number twelve alone is sufficient to rebut Petitioner's claim.

8
9
10
11
12

Furthermore, when one reads jury instruction number twelve in conjunction with the other jury instructions, it is clear that the State maintained the burden of establishing each element of the charged crime.  Specifically, the language of jury instruction thirteen clearly instructs the jury that Respondents bore the burden of not only proving the existence and voluntariness of Petitioner's statements, but whether said statements amount to an admission or confession on the part of Petitioner.

13   Exhibit 52, pp. 7-8.  The court then concluded that because the instruction was proper, counsel acted

14   reasonably in not objecting to it.  *Id.*

15   Petitioner's argument that the instruction created a mandatory presumption of guilt for every

16   statement he made outside of trial is unsound.  The state court's analysis is correct.  The language of the

17   instruction is clearly permissive, allowing the jurors to freely determine the nature of any statement made

18   by the defendant and admitted at trial.  *See Francis v. Franklin,* 471 U.S. 307, 314, 105 S.Ct. 1965

19
20

[5] The Jury Instructions are found in the Court's record as Exhibit 18 to respondents' Motion to Dismiss.  Instruction Twelve reads:

21
22

A statement made by a defendant other than at his or her trial may be either an admission or a confession.

23

An admission is a statement by a defendant, which by itself is not sufficient to warrant an inference of guilt, but which tends to prove guilt when considered with the rest of the evidence.

24

A confession is a statement by a defendant which discloses his or her intentional participation in the criminal act for which he or she is on trial and which discloses his or her guilt of that crime.

25
26
27

You are exclusive judge as to whether an admission or a confession was made by the defendant and if the statement is true in whole or in part.  If you should find that such statement is entirely untrue, you must reject it.  If you find it is true in part, you may consider that part which you find to be true.

28

1  (1985) ("A permissive inference does not relieve the State of its burden of persuasion because it still

2  requires the State to convince the jury that the suggested conclusion should be inferred based on the

3  predicate facts proved.")

4  The state court's determination of this claim was reasonable within the parameters of 28 U.S.C.

5  § 2254(d) and this Court will not grant relief.

6  **III.    Conclusion and Certificate of Appealability**

7  The petition for writ of habeas corpus shall be denied on its merits.  Petitioner cannot

8  demonstrate that he was denied his rights as guaranteed by the United States Constitution in the conduct

9  or outcome of his criminal proceedings.

10  In order to proceed with an appeal from this court, petitioner must receive a certificate of

11  appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of the

12  denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The Supreme Court has held

13  that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

14  the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

15  The Supreme Court further illuminated the standard for issuance of a certificate of appealability

16  in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

17  > We do not require petitioner to prove, before the issuance of a COA, that
   some jurists would grant the petition for habeas corpus.  Indeed, a claim
18  > can be debatable even though every jurist of reason might agree, after the
   COA has been granted and the case has received full consideration, that
19  > petitioner will not prevail. As we stated in *Slack*, "[w]here a district court
   has rejected the constitutional claims on the merits, the showing required
20  > to satisfy § 2253(c) is straightforward: The petitioner must demonstrate
   that reasonable jurists would find the district court's assessment of the
21  > constitutional claims debatable or wrong."

22  *Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

23  The Court has considered the issues raised by petitioner, with respect to whether they satisfy the

24  standard for issuance of a certificate of appeal, and the Court determines that none meet that standard.

25  Accordingly, the Court will deny petitioner a certificate of appealability.

26  **IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28

27  U.S.C. § 2254 is **DENIED.**

28

1    **IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.  The Clerk shall

2    enter judgment accordingly.

3         DATED this 31st day of October, 2011.

4

5

6                                                    _____

7                                                    LARRY R. HICKS
                                                     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              -13-